ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL, ESQ.
Nevada Bar No. 7311
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com; sean@mlolegal.com

LARRY R. LAYCOCK, ESQ. (Utah Bar No. 4868) (*pro hac vice application pending*)
LANDON T. LAYCOCK, ESQ. (Utah Bar No. 17259) (*pro hac vice application forthcoming*)
JOSHUA S. RUPP, ESQ. (Utah Bar No. 12647) (*pro hac vice application pending*)
NOLAN S. ANDREASEN, ESQ. (Utah Bar No. 18599) (*pro hac vice application forthcoming*)
**KIRTON MCCONKIE**
2600 W. Executive Parkway, Suite 400
Lehi, Utah 84043
Telephone: (801) 426-2100
Email: lrlaycock@kmclaw.com; llaycock@kmclaw.com; jrupp@kmclaw.com; nandreasen@kmclaw.com

*Attorneys for Defendants GlycoCheck US, LLC, RNL Lone Peak Holdings, LLC, Robert Long, Hans Vink, Hans Vink Beheer B.V., GlycoCalyx Research Institute, LLC, and Genesis Health Sciences LLC.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BIOREGENX, INC., a Nevada corporation; MICROVASCULAR HEALTH SOLUTIONS, LLC, a Delaware limited liability company, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> GLYCOCHECK US, LLC, a Utah limited liability company; RNL LONE PEAK HOLDINGS, LLC, a Utah limited liability company; HANS VINK BEHEER B.V., a Dutch private limited liability company; GLYCOCALYX RESEARCH INSTITUTE, LLC, a Utah limited liability company; GENESIS HEALTH SCIENCES LLC, a Wyoming limited liability company; Hans Vink, individually and as owner/operator of GLYCOCHECK US; Robert Long, individually and as owner/operator of GLYCOCHECK US, <br><br> Defendants and Counterclaimants. | No.: 2:25-cv-02071-APG-NJK <br><br> **DEFENDANTS' CONSOLIDATED FIRST AMENDED ANSWER TO COMPLAINT AND** |

**COUNTERCLAIMS**[1]

**JURY TRIAL DEMANDED**

## ANSWER TO COMPLAINT

COME NOW Defendants GlycoCheck US, LLC ("GlycoCheck US"); RNL Lone Peak Holdings, LLC; Hans Vink Beheer B.V.; GlycoCalyx Research Institute, LLC; Genesis Health Sciences LLC; and individuals Hans Vink ("Dr. Vink") and Robert Long ("Long"), individually and as owners/operators of GlycoCheck US (hereinafter, collectively, "Defendants"), by and through their counsel of record, and file their Consolidated First Amended Answer[2] to the Complaint (Dkt. No. 1) of Plaintiffs BioRegenx, Inc. and Microvascular Health Solutions, LLC (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendants deny each

[1] Defendants Robert Long, RNL Lone Peak Holdings, LLC, Hans Vink, and Hans Vink Beheer B.V. previously filed an Answer to the Complaint on March 18, 2026 (*see* Dkt. No. 38). The instant Consolidated First Amended Answer to Complaint and Counterclaims is filed on behalf of all Defendants named in the above-identified action and pursuant to certain Defendants' concurrently filed motion for leave to amend under Fed. R. Civ. P. 15(a)(2).

[2] As noted above, this filing amends the earlier Answer to Complaint filed on behalf of Defendants Robert Long, RNL Lonepeak Holdings, LLC, Hans Vink, and Hans Vink Beheer B.V. (Dkt. No. 38) and pursuant to such Defendants' concurrently filed motion for leave to amend. This filing is the first answer filed on behalf of GlycoCheck US, LLC, GlycoCalyx Research Institute, LLC, and Genesis Health Sciences, LLC. (*See* n.1, *supra*.)

1

and every allegation of the Complaint except those expressly admitted below.

### NATURE OF CASE[3]

1.      Answering Paragraph 1 of Plaintiffs' Complaint, Defendants admit solely that the Complaint asserts claims for alleged patent and trademark infringement and related claims, but specifically deny all of the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

### PARTIES

2.      Answering Paragraph 2 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

3.      Answering Paragraph 3 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

4.      Answering Paragraph 4 of Plaintiffs' Complaint, Defendants admit solely that GlycoCheck US, LLC is organized under the laws of the State of Utah and has a registered address at 7 S. Lone Peak Dr., Alpine, Utah 84004, but specifically deny all of the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      Answering Paragraph 5 of Plaintiffs' Complaint, Defendants admit solely that RNL Lone Peak Holdings, LLC is organized under the laws of the State of Utah and has a registered address at 7 S. Lone Peak Dr., Alpine, Utah 84004, but specifically deny all of the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      Answering Paragraph 6 of Plaintiffs' Complaint, Defendants admit solely that

---

[3] The headings of Plaintiffs' Complaint are recreated and set forth herein solely for organizational convenience and not by way of any admission. Defendants deny each and every allegation of the Complaint unless expressly admitted herein.

Hans Vink Beheer B.V. is organized under the laws of the Netherlands and has a principal office located at Groot-Haasdal 3, 6333 AV Schimmert, the Netherlands (Branch No. 000027261867), but specifically deny all of the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      Answering Paragraph 7 of Plaintiffs' Complaint, Defendants admit solely that GlycoCalyx Research Institute, LLC is organized under the laws of the State of Utah and has a registered address at 5255 N. Edgewood Drive, Suite 300, Provo, Utah 84604 and a mailing address at 7 S. Lone Peak Dr., Alpine, Utah 84004, but specifically deny all of the remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Answering Paragraph 8 of Plaintiffs' Complaint, Defendants admit solely that Genesis Health Sciences LLC is organized under the laws of the State of Wyoming and has a registered address at 30 N. Gould Street, Suite R, Sheridan, Wyoming 82801 and a principal office at 7 S. Lone Peak Dr., Alpine, Utah 84004, but specifically deny all of the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      Answering Paragraph 9 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 9 of Plaintiffs' Complaint.

10.     Answering Paragraph 10 of Plaintiffs' Complaint, Defendants admit solely that Hans Vink is an individual who resides and maintains a residency in the Netherlands, but specifically deny all of the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.     Answering Paragraph 11 of Plaintiffs' Complaint, Defendants admit solely that Robert Long is an individual who resides in Alpine, Utah, but specifically deny all of the remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     Answering Paragraph 12 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 12 of Plaintiffs' Complaint.

**JURISDICTION AND VENUE**

3

13.     Answering Paragraph 13 of Plaintiffs' Complaint, Defendants admit solely that the Complaint asserts claims purporting to be governed by federal patent and trademark statutes, but specifically deny all of the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Answering Paragraph 14 of Plaintiffs' Complaint, Defendants admit solely that the Complaint makes allegations that purport to invoke federal subject matter jurisdiction, but specifically deny all of the remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     Answering Paragraph 15 of Plaintiffs' Complaint, Defendants admit solely that the statute referenced contains provisions regarding injunctive relief, but specifically deny all of the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Answering Paragraph 16 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the state of Plaintiffs' alleged collective formation and, therefore, deny the same, including any implications or characterizations. Defendants specifically deny each and every remaining allegation contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Answering Paragraph 17 of Plaintiffs' Complaint, Defendants admit solely that the Complaint makes claims that purport to invoke federal jurisdiction, but specifically deny all of the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

## FACTUAL BACKGROUND

18.     Answering Paragraph 18 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

19.     Answering Paragraph 19 of Plaintiffs' Complaint, any so-called "Stockholders' Agreement" is a legal document which speaks for itself, and Defendants deny any and all

4

allegations inconsistent therewith, including any implications or characterizations.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

20.     Answering Paragraph 20 of Plaintiffs' Complaint, any so-called Stockholders' Agreement is a legal document which speaks for itself, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

21.     Answering Paragraph 21 of Plaintiffs' Complaint, any so-called "NDA(s)" is/are a legal document or legal documents which speak(s) for itself or themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

22.     Answering Paragraph 22 of Plaintiffs' Complaint, the so-called "'572 Patent," as well as the corresponding records of the United States Patent and Trademark Office ("USPTO"), are legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

23.     Answering Paragraph 23 of Plaintiffs' Complaint, the so-called '572 Patent, as well as the corresponding records of the USPTO, are legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or

characterizations. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

24. Answering Paragraph 24 of Plaintiffs' Complaint, the so-called '572 Patent, as well as the corresponding records of the USPTO, are legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

25. Answering Paragraph 25 of Plaintiffs' Complaint, the so-called '572 Patent, as well as the corresponding records of the USPTO, are legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

26. Answering Paragraph 26 of Plaintiffs' Complaint, the so-called '572 Patent, as well as the corresponding records of the USPTO, are legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

27. Answering Paragraph 27 of Plaintiffs' Complaint, the so-called "'095 Patent," as well as the corresponding records of the USPTO, are legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiffs'

Complaint and, therefore, deny the same, including any implications or characterizations.

28. Answering Paragraph 28 of Plaintiffs' Complaint, the so-called "one or more federally registered trademarks," including, but not limited to, 'GLYCOCHECK,' 'ENDOCALYX,' and/or 'ReVASCA,' as well as the corresponding records of the USPTO, are or are subject to legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

29. Answering Paragraph 29 of Plaintiffs' Complaint, Defendants admit solely that certain of Long's employment was terminated on October 13, 2023 and that Dr. Vink resigned from certain of his employment on October 15, 2023, but specifically deny all of the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Answering Paragraph 30 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 30 of Plaintiffs' Complaint.

31. Answering Paragraph 31 of Plaintiffs' Complaint, Defendants admit solely that glycocheck.com redirects to glycocalyx.com, but specifically deny all of the remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Answering Paragraph 32 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 32 of Plaintiffs' Complaint.

33. Answering Paragraph 33 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 33 of Plaintiffs' Complaint.

34. Answering Paragraph 34 of Plaintiffs' Complaint, Defendants admit solely that correspondence dated November 10, 2023 was sent to Defendants or Defendants' representatives, which correspondence speaks for itself, but specifically deny all of the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint, including Plaintiffs' characterizations of the

November 10, 2023 correspondence or any associated insinuations.

35.    Answering Paragraph 35 of Plaintiffs' Complaint, Defendants admit solely that correspondence dated May 15, 2024 was sent to Defendants or Defendants' representatives, though they dispute that such correspondence was sent by or on behalf of BioRegenx, Inc., which correspondence speaks for itself, but specifically deny all of the remaining allegations contained in Paragraph 35 of Plaintiffs' Complaint, including Plaintiffs' characterizations of the May 15, 2024 correspondence or any associated insinuations.

36.    Answering Paragraph 36 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 36 of Plaintiffs' Complaint.

37.    Answering Paragraph 37 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 37 of Plaintiffs' Complaint.

38.    Answering Paragraph 38 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 38 of Plaintiffs' Complaint.

39.    Answering Paragraph 39 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 39 of Plaintiffs' Complaint.

### COUNT ONE

### Infringement of the '572 Patent

40.    Answering Paragraph 40 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-39 to Plaintiffs' Complaint by reference as though fully set forth herein.

41.    Answering Paragraph 41 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 41 of Plaintiffs' Complaint.

42.    Answering Paragraph 42 of Plaintiffs' Complaint, the so-called '572 Patent, as well as the corresponding records of the USPTO, are legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations.  Answering further, Defendants lack knowledge or information sufficient to

8

form a belief as to the truth of the remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

43. Answering Paragraph 43 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 43 of Plaintiffs' Complaint.

44. Answering Paragraph 44 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 44 of Plaintiffs' Complaint.

45. Answering Paragraph 45 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 45 of Plaintiffs' Complaint.

46. Answering Paragraph 46 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 46 of Plaintiffs' Complaint.

47. Answering Paragraph 47 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 47 of Plaintiffs' Complaint.

48. Answering Paragraph 48 of Plaintiffs' Complaint, Defendants admit solely that Plaintiffs purport to seek injunctive relief, but Defendants deny that Plaintiffs are entitled to any such relief and Defendants specifically deny each and every remaining allegation contained in Paragraph 48 of Plaintiffs' Complaint.

**COUNT TWO**

**Infringement of the '095 Patent**

49. Answering Paragraph 49 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-48 to Plaintiffs' Complaint by reference as though fully set forth herein.

50. Answering Paragraph 50 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 50 of Plaintiffs' Complaint.

51. Answering Paragraph 51 of Plaintiffs' Complaint, the so-called '095 Patent, as well as the corresponding records of the USPTO, are legal documents which speak for themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or

9

characterizations. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

52. Answering Paragraph 52 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 52 of Plaintiffs' Complaint.

53. Answering Paragraph 53 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 53 of Plaintiffs' Complaint.

54. Answering Paragraph 54 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 54 of Plaintiffs' Complaint.

55. Answering Paragraph 55 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 55 of Plaintiffs' Complaint.

56. Answering Paragraph 56 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 56 of Plaintiffs' Complaint.

57. Answering Paragraph 57 of Plaintiffs' Complaint, Defendants admit solely that Plaintiffs purport to seek injunctive relief, but Defendants deny that Plaintiffs are entitled to any such relief and Defendants specifically deny each and every remaining allegation contained in Paragraph 57 of Plaintiffs' Complaint.

**COUNT THREE**

**Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1125(a)**

58. Answering Paragraph 58 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-57 to Plaintiffs' Complaint by reference as though fully set forth herein.

59. Answering Paragraph 59 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 59 of Plaintiffs' Complaint.

60. Answering Paragraph 60 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 60 of Plaintiffs' Complaint.

61.     Answering Paragraph 61 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Answering Paragraph 62 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Answering Paragraph 63 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Answering Paragraph 64 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Answering Paragraph 65 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 65 of Plaintiffs' Complaint.

**COUNT FOUR**

**Breach of Contract**

66.     Answering Paragraph 66 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-65 to Plaintiffs' Complaint by reference as though fully set forth herein.

67.     Answering Paragraph 67 of Plaintiffs' Complaint, any so-called Stockholders' Agreement and/or NDAs is/are a legal document or legal documents which speak(s) for itself or themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

68.     Answering Paragraph 68 of Plaintiffs' Complaint, any so-called Stockholders' Agreement and/or NDAs is/are a legal document or legal documents which speak(s) for itself or themselves, and Defendants deny any and all allegations inconsistent therewith, including any implications or characterizations.  Answering further, Defendants lack knowledge or information

11

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

69.     Answering Paragraph 69 of Plaintiffs' Complaint, including sub-parts (a) through (e) thereof, Defendants specifically deny each and every allegation contained in Paragraph 69 of Plaintiffs' Complaint, including each and every allegations contained in sub-parts (a) through (e) thereof.

70.     Answering Paragraph 70 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 70 of Plaintiffs' Complaint.

## COUNT FIVE

### Federal Unfair Competition

71.     Answering Paragraph 71 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-70 to Plaintiffs' Complaint by reference as though fully set forth herein.

72.     Answering Paragraph 72 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 72 of Plaintiffs' Complaint.

73.     Answering Paragraph 73 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 73 of Plaintiffs' Complaint.

74.     Answering Paragraph 74 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 74 of Plaintiffs' Complaint.

75.     Answering Paragraph 75 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 75 of Plaintiffs' Complaint.

## COUNT SIX

### Common Law Unfair Competition

76. Answering Paragraph 76 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-75 to Plaintiffs' Complaint by reference as though fully set forth herein.

77. Answering Paragraph 77 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 77 of Plaintiffs' Complaint.

78. Answering Paragraph 78 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 78 of Plaintiffs' Complaint.

79. Answering Paragraph 79 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 79 of Plaintiffs' Complaint.

## COUNT SEVEN

### Intentional Interference with Prospective Economic Advantage

80. Answering Paragraph 80 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-79 to Plaintiffs' Complaint by reference as though fully set forth herein.

81. Answering Paragraph 81 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations.

82. Answering Paragraph 82 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 82 of Plaintiffs' Complaint.

83. Answering Paragraph 83 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 83 of Plaintiffs' Complaint.

84. Answering Paragraph 84 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 84 of Plaintiffs' Complaint.

85. Answering Paragraph 85 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 85 of Plaintiffs' Complaint.

86. Answering Paragraph 86 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 86 of Plaintiffs' Complaint.

## COUNT EIGHT

## Cybersquatting in Violation of the Lanham Act, 15 U.S.C. § 1125(d)

87. Answering Paragraph 87 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-86 to Plaintiffs' Complaint by reference as though fully set forth herein.

88. Answering Paragraph 88 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 88 of Plaintiffs' Complaint.

89. Answering Paragraph 89 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 89 of Plaintiffs' Complaint, including denying that Plaintiffs have properly or validly "filed for trademark protection…."

90. Answering Paragraph 90 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 90 of Plaintiffs' Complaint.

91. Answering Paragraph 91 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 91 of Plaintiffs' Complaint.

92. Answering Paragraph 92 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 92 of Plaintiffs' Complaint.

93. Answering Paragraph 93 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 93 of Plaintiffs' Complaint.

94. Answering Paragraph 94 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 94 of Plaintiffs' Complaint.

95. Answering Paragraph 95 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 95 of Plaintiffs' Complaint.

96. Answering Paragraph 96 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 96 of Plaintiffs' Complaint.

**COUNT NINE**

**Copyright Infringement**

97.    Answering Paragraph 97 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-96 to Plaintiffs' Complaint by reference as though fully set forth herein.

98.    Answering Paragraph 98 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 98 of Plaintiffs' Complaint.

99.    Answering Paragraph 99 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 99 of Plaintiffs' Complaint.

100.    Answering Paragraph 100 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 100 of Plaintiffs' Complaint.

101.    Answering Paragraph 101 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 101 of Plaintiffs' Complaint.

102.    Answering Paragraph 102 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 102 of Plaintiffs' Complaint.

103.    Answering Paragraph 103 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 103 of Plaintiffs' Complaint.

**COUNT TEN**

**Intentional Interference with Prospective Business Relationships**

104.    Answering Paragraph 104 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-103 to Plaintiffs' Complaint by reference as though fully set forth herein.

105.    Answering Paragraph 105 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiffs have developed economic relationships with existing and potential customers" and/or that such alleged "relationships encompass a reasonably probable future economic benefit to Plaintiffs" as

15

contained in Paragraph 105 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations. Answering further, Defendants specifically deny each and every remaining allegation in Paragraph 105 of Plaintiffs' Complaint, including all implications or characterizations.

106. Answering Paragraph 106 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 106 of Plaintiffs' Complaint.

107. Answering Paragraph 107 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 107 of Plaintiffs' Complaint.

108. Answering Paragraph 108 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 108 of Plaintiffs' Complaint.

**COUNT ELEVEN**

**Negligent Interference with Prospective Business Relationships**

109. Answering Paragraph 109 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-108 to Plaintiffs' Complaint by reference as though fully set forth herein.

110. Answering Paragraph 110 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiffs have developed economic relationships with existing and potential customers" and/or that such alleged "relationships encompass a reasonably probable future economic benefit to Plaintiffs" as contained in Paragraph 110 of Plaintiffs' Complaint and, therefore, deny the same, including any implications or characterizations. Answering further, Defendants specifically deny each and every remaining allegation in Paragraph 105 of Plaintiffs' Complaint, including all implications or characterizations.

111. Answering Paragraph 111 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 111 of Plaintiffs' Complaint.

112. Answering Paragraph 112 of Plaintiffs' Complaint, Defendants specifically deny

16

each and every allegation contained in Paragraph 112 of Plaintiffs' Complaint.

## COUNT TWELVE

### Piercing the Corporate Veil / Alter Ego Liability

113.    Answering Paragraph 113 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-112 to Plaintiffs' Complaint by reference as though fully set forth herein.

114.    Answering Paragraph 114 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 114 of Plaintiffs' Complaint.

115.    Answering Paragraph 115 of Plaintiffs' Complaint, including sub-parts (a) through (e) thereof, Defendants specifically deny each and every allegation contained in Paragraph 115 of Plaintiffs' Complaint, including each and every allegations contained in sub-parts (a) through (e) thereof.

116.    Answering Paragraph 116 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 116 of Plaintiffs' Complaint.

117.    Answering Paragraph 117 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 117 of Plaintiffs' Complaint.

## COUNT THIRTEEN

### Knowledge and Willfulness

118.    Answering Paragraph 118 of Plaintiffs' Complaint, Defendants incorporate their answers contained in Paragraphs 1-117 to Plaintiffs' Complaint by reference as though fully set forth herein.

119.    Answering Paragraph 119 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 119 of Plaintiffs' Complaint.

120.    Answering Paragraph 120 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 120 of Plaintiffs' Complaint.

121.    Answering Paragraph 121 of Plaintiffs' Complaint, Defendants specifically deny

17

each and every allegation contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Answering Paragraph 122 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Answering Paragraph 123 of Plaintiffs' Complaint, Defendants specifically deny each and every allegation contained in Paragraph 123 of Plaintiffs' Complaint.

Except as expressly admitted above, Defendants deny each and every allegation contained in Plaintiffs' Complaint.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief whatsoever against Defendants in the above-captioned action, either as prayed for in the Complaint or otherwise.  Defendants affirmatively allege that Defendants are entitled to recover their attorneys' fees and costs under the Patent Act, the Lanham Act, and/or under Nevada law.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof, Defendants assert the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for or upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring their Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' purported patent infringement claims, and related claims, are barred inasmuch as one or both of the asserted patents-in-suit, upon which certain of Plaintiffs' purported patent infringement claims are based, is/are invalid and/or unenforceable as a matter of law.  More specifically, one or more of the asserted claims of one or both of the patents-in-suit, including, but not limited to, claims 1-6, 8, and/or 10-19 of the '527 Patent and/or claims 1-6 of the '095

18

Patent, properly construed, is/are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' purported patent infringement claims, and related claims, are barred because Plaintiff has no evidence, and can produce no evidence, showing any actual infringement occurred. More specifically, Defendants have not infringed and do not infringe any valid or enforceable claim or claims of the '572 Patent or the '095 Patent (collectively, the "patents-in-suit" or the "Asserted Patents"), properly construed, either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' purported patent infringement claims, and related claims, are barred due to patent exhaustion.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' purported patent infringement claims, and related claims, are barred, at least in part, or the relief Plaintiffs seek is barred, where Defendants have not engaged in, and are not engaging in, any act that constitutes willful infringement of any valid and enforceable claim of the Asserted Patents.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' purported patent infringement claims, and related claims, are barred, at least in part, or the relief Plaintiffs seek is barred, by estoppel where one or more of the asserted claims of the Asserted Patents are and were limited by election, amendment, by the prior art, and/or by statements made during prosecution of one or both of the patents-in-suit before the USPTO such that Plaintiffs are estopped and otherwise precluded from maintaining that such claims, properly construed, are of sufficient scope to cover or read on Defendants' products, either literally or under the doctrine of equivalents.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' purported trademark infringement claims, and related claims, are barred where Plaintiffs do not and cannot show any actionable likelihood of confusion, and therefore Plaintiffs' purported trademark infringement claims are barred under applicable law.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' purported trademark infringement claims, and related claims, are barred by the doctrine of fair use.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' purported trademark infringement claims, and related claims, are barred where Plaintiffs' asserted trademarks are invalid, unenforceable, abandoned, or otherwise not entitled to protection due to lack of continuous use, improper registration, fraud or inequitable conduct on the USPTO, or misuse in commerce.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' purported trademark infringement claims, and related claims, are barred where Defendants' use of the terms, *inter alia*, GLYCOCHECK and REVASCA predates Plaintiffs' alleged rights, was independently established, giving Defendants superior and senior common-law rights in the relevant geographic and commercial markets in and to Plaintiffs' purported trademarks, if any, and/or Defendants have prior trademark rights and/or are the senior users of the relevant trademarks in the relevant geographical and commercial markets.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants have not infringed, diluted, copied, or counterfeited any valid trademark asserted by Plaintiffs, or otherwise engaged in unfair competition, false designation of origin, false or deceptive advertising, improper or deceptive business practices, unfair trade practices, or cybersquatting, nor have Defendants intentionally and/or negligently interfered with any of Plaintiffs' valid and enforceable rights or any of Plaintiffs' asserted prospective or existing economic and/or business relationships.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' purported trademark infringement claims, and related claims, are barred by the doctrine of innocent adoption, lack of causation, or intervening or supervening causes, including but not limited to the actions of third parties and/or the actions or inaction of Plaintiffs themselves.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, equitable estoppel, and/or the doctrine of laches.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands, and/or other fraud, illegality or inequitable conduct on the USPTO and otherwise or are barred owing to Plaintiffs' failure to act in a commercially reasonable manner and/or in good faith.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages, if any, thereby reducing or barring recovery, and/or Plaintiffs' alleged damages do not exist, are too attenuated, remote, or speculative, and/or are unavailable as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, at least in part, by the applicable statutes of limitation and/or repose, which have already passed for one or more of Plaintiffs' claims, thereby barring such claims entirely.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to license, consent, and/or the doctrine of equitable acquiescence.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' purported copyright infringement claims, and related claims, are barred, in whole or in part, because Defendants have not infringed any valid and registered copyrights owned by Plaintiff.

22

**TWENTIETH AFFIRAMATIVE DEFENSE**

Plaintiffs' demand to recover statutory damages and attorney's fees for its purported copyright infringement claims for copyright infringement are also barred under 17 U.S.C. § 412 because all of Plaintiffs' alleged copyright registrations, even if valid, for Plaintiffs' alleged copyrightable works were not made within three months after first publication thereof, and Defendants' alleged infringements commenced after the first publication of said works and before the effective dates of said registrations.

**TWENTY-FIRST AFFIRAMATIVE DEFENSE**

Plaintiffs' purported copyright infringement claims, and related claims, are barred, where one or more of Plaintiffs' asserted copyright(s) is/are invalid and/or the subject matter thereof is either not copyrightable and/or was independently created by Defendants prior to Plaintiffs' use or creation thereof.

**TWENTY-SECOND AFFIRAMATIVE DEFENSE**

Plaintiffs' purported copyright infringement claims, and related claims, are barred, where Defendants have senior and superior rights in and to the copyrighted materials.

**TWENTY-THIRD AFFIRAMATIVE DEFENSE**

Plaintiffs' requested damages and/or attorneys' fees, if awarded, would result in an unjust enrichment to Plaintiffs.

**TWENTY-FOURTH AFFIRAMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants' alleged conduct is justified.

**TWENTY-FIFTH AFFIRAMATIVE DEFENSE**

Plaintiffs' claims for damages and/or injunctive relief are barred where, to the extent any such damages exist, they arose through no fault of Defendants and/or are the result of Plaintiffs' own conduct or inaction.

23

## TWENTY-SIXTH AFFIRAMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements applicable to request injunctive relief.

## TWENTY-SEVENTH AFFIRAMATIVE DEFENSE

Plaintiffs have failed to state facts sufficient to support an award of attorneys' fees, punitive damages, and/or treble damages to Plaintiffs.

## TWENTY-EIGHTH AFFIRAMATIVE DEFENSE

Certain of Plaintiffs' claims for relief are preempted, in whole or in part, by federal and/or state law.

## TWENTY-NINTH AFFIRAMATIVE DEFENSE

Plaintiffs failed to include indispensable parties in their Complaint necessary for a complete resolution of this matter.

## THIRTIETH AFFIRAMATIVE DEFENSE

Plaintiffs' purported breach of contract claims, and related claims, are barred where Defendants have performed any and all of their contractual obligations, Plaintiffs have failed to perform one or more of their contractual obligations, any such agreements lack consideration or are otherwise invalid and/or unenforceable, in whole or in part, and/or Plaintiffs have not been damaged as a result of Defendants' conduct.

## THIRTY-FIRST AFFIRAMATIVE DEFENSE

Defendant entities are not the alter egos of Dr. Vink or Long.

## THIRTY-SECOND AFFIRAMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 8, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available for Defendants after reasonable inquiry. To this end, Defendants hereby incorporate by reference those defenses allowed under the Federal Rule of Civil Procedure 8. In the event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the

right to seek leave of Court to amend this answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

## DEMAND FOR JURY TRIAL

Defendants hereby respectfully demand trial by jury as to all issues and/or claims in this action which are so triable.

## DEFENDANTS' COUNTERCLAIMS

Defendants and Counterclaimants GlycoCheck US, LLC ("GlycoCheck US"), RNL Lone Peak Holdings, LLC, Hans Vink Beheer B.V., GlycoCalyx Research Institute, LLC, Genesis Health Sciences LLC, and individuals Hans Vink ("Dr. Vink") and Robert Long ("Long"), individually and as owners/operators of GlycoCheck US (hereinafter, collectively, "Counterclaimant(s)"), by and through counsel of record, hereby complain against the above-named Plaintiffs and Counterclaim Defendants BioRegenx, Inc. and Microvascular Health Solutions, LLC (collectively, "Counterclaim Defendant(s)") and allege as follows:

## PARTIES

1.      Counterclaimant GlycoCheck US is a limited liability company, organized and existing under the laws of Utah, having a principal place of business in Utah.

2.      Counterclaimant RNL Lone Peak Holdings, LLC is a limited liability company, organized and existing under the laws of Utah, having a principal place of business in Utah.

3.      Counterclaimant Hans Vink Beheer B.V. ("Hans Vink Beheer") is a limited liability company, organized and existing under the laws of the Netherlands, having a principal place of business in the Netherlands.

4.      Counterclaimant GlycoCalyx Research Institute, LLC is a limited liability company, organized and existing under the laws of Utah, having a principal place of business in Utah.

5.      Counterclaimant Genesis Health Sciences LLC is a limited liability company, organized and existing under the laws of Wyoming, having a principal place of business in Utah.

25

6. Counterclaimant Dr. Vink is an individual who resides and is domiciled in the Netherlands.

7. Counterclaimant Long is an individual who resides and is domiciled in the State of Utah.

8. By its own assertion, Counterclaim Defendant BioRegenx, Inc. ("BioRegenx") is a corporation under the laws of the State of Nevada, having its principal place of business located at 7407 Ziegler Road, Chattanooga, Tennessee 37421.

9. By its own assertion, Counterclaim Defendant Microvascular Health Solutions, LLC, is a Delaware limited liability company wholly owned by BioRegenx, having its principal place of business located at 7407 Ziegler Road, Chattanooga, Tennessee 37421.

## JURISDICTION AND VENUE

10. Counterclaimants' counterclaims for, *inter alia*, declaratory judgments arise under the Federal Declaratory Judgment Act and the patent and/or trademark laws of the United States, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, 35 U.S.C. § 100 *et seq.*, and 15 U.S.C. § 1051 *et seq.*; Counterclaimants contend that they have a right to make, use, sell, offer for sale, and import, or authorize others to make, use, sell, offer for sale, or import, Counterclaimants' products, systems, methods, or services, without license from Counterclaim Defendants; Counterclaimants further contend that they have the right to brand and market Counterclaimants' products, systems, methods, or services, without license from Counterclaim Defendants.

11. This Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants submitted themselves to the jurisdiction of this Court.

12. Venue is proper in this judicial district for the following counterclaims because Counterclaim Defendants consented to this venue by asserting and filing claims of, *inter alia*, patent and trademark infringement against Counterclaimants in this judicial district.

**GENERAL ALLEGATIONS**

13.    Dr. Vink is a world-renowned scholar of the endothelial glycocalyx, the specialized lining surrounding blood vessels which helps prevent microvascular disease, beginning with academic research in 1989.

14.    From 1989 through at least 2021, Dr. Vink's work was conducted in academic and institutional settings, resulting in over 160 peer-reviewed publications and more than 18,000 citations worldwide.

15.    In 2003, Dr. Vink and colleagues achieved the first high-resolution in vivo visualization of the endothelial glycocalyx, a milestone that transformed the field, and in 2006, Dr. Vink became a Principal Investigator at the Cardiovascular Research Institute of Maastricht at the University of Maastricht.

16.    The foundational intellectual property rights for Counterclaimants' accused "GlycoCheck system" originated from Dr. Vink's academic research (in concert with others) and was first protected by international patent filings beginning in approximately 2008, years before a relationship between Counterclaimants and Counterclaim Defendants ever began.

17.    Dr. Vink is a co-inventor on both U.S. Patent No. 8,759,095 ("the '095 Patent"), filed in 2010, and U.S. Patent No. 9,943,572 ("the '572 Patent"), filed in 2016; the research leading to the '095 Patent ultimately resulted in Counterclaimants' GlycoCheck system.

18.    Initially, Knowledge Transfer Funds B.V. ("KTF"), the technology transfer office of the University of Maastricht, entered into a License Agreement with GlycoCheck B.V. ("GVBV"), effective August 1, 2010, under which GCBV was granted an exclusive license with the right to sublicense the '095 Patent, after which GCBV began efforts to commercialize the GlycoCheck system.

19.    Long subsequently joined Dr. Vink in or around 2012 to assist with commercialization, further system development, and clinical deployment of Counterclaimants' GlycoCheck system.

20. Thereafter, in approximately 2013, GCBV faced severe financial distress, including unpaid patent maintenance obligations that threatened loss of the underlying intellectual property.

21. In an effort to avoid any such loss, Long personally raised and contributed approximately $300,000 to stabilize GCBV, pay overdue patent maintenance fees, and prevent insolvency of GCBV.

22. Notably, Counterclaimants' GlycoCheck system consisted not only of certain patented methods comprising certain steps, but also proprietary software, algorithms, hardware integration, calibration processes, and ongoing technical support developed by Counterclaimants' and/or their predecessors-in-interest and/or principles.

23. By 2014, Long and Dr. Vink had together transformed Counterclaimants' GlycoCheck system into a commercially viable, working diagnostic platform deployed internationally, with Long serving as CEO and operational lead for GCBV while Dr. Vink served as GCBV's CSO.

24. On December 1, 2014, GCBV executed a Distributorship Agreement with Counterclaimants' former operating company, Counterclaim Defendant Microvascular Health Solutions, LLC ("MVHS"), allowing further commercialization and deployment of Counterclaimants' GlycoCheck system.

25. The Distributorship Agreement explicitly conveyed rights of use and commercialization, not ownership, of the underlying intellectual property, explicitly stating as follows: "[MVHS] agrees that all Intellectual Property Rights related to the Products as of the date of this Agreement are and shall remain at all times the exclusive property or the exclusive license of GLYCOCHECK."

26. The Distributorship Agreement also states that "[t]he rights of [MVHS] to use the Intellectual Property Rights, as granted under Article 11.2, shall cease immediately upon the expiration or termination, for any reason, of this Agreement."

28

27.     By 2020, the distribution of Counterclaimants' GlycoCheck system, together with a new dietary supplement, Endocalyx, was significantly expanded through third-party partnerships, including Xymogen, reaching tens of thousands of practitioners.

28.     In late 2020, MVHS was approached by NuLife Ventures, Inc. ("NuLife") to acquire Counterclaimants' GlycoCheck system and fund further research, with NuLife signing a letter of intent on February 9,2021 for the acquisition.

29.     In April 2021, Counterclaim Defendant BioRegenx was incorporated and entered into an agreement with MVHS to license the existing platform built entirely by Counterclaimants or Counterclaimants' predecessors-in-interest, including Counterclaimants' GlycoCheck system and Endocalyx; upon the incorporation of BioRegenx in April 2021, MVHS became a fully owned subsidiary of BioRegenx, but no new distribution license between MVHS and BioRegenx was made and the original Distributorship Agreement between GCBV and MVHS remained active (until its termination on October 20, 2023 by GCBV).

30.     Based on assurances by NuLife and MVHS, Long and Dr. Vink contributed 100% of MVHS to BioRegenx while GCBV remained a separate entity, with ownership interests held by KTF, Dr. Vink, and Long; 20% of GCBV shares were awarded to Long, but these shares were never officially issued; KTF holds 73.3% of GCBV shares; Dr. Vink holds 26.7% of GCBV shares.

31.     BioRegenx agreed to acquire GCBV for approximately €2.138 million but failed to raise funds, close the transaction, or acquire any ownership interest in GCBV.

32.     No shares of GCBV were ever transferred to BioRegenx, and contrary to assertions in Counterclaim Defendants' Complaint, BioRegenx never became the owner of any of GCBV's intellectual property.

33.     In August 2023, the board members of BioRegenx voted to abandon the acquisition of GCBV and instead take BioRegenx public; though there was never a formal vote by BioRegenx to abandon acquisition of GCBV, a letter was sent in September 2023 by Counterclaimants or on Counterclaimants' (or their predecessors-in-interest's) behalf to BioRegenx's board noting that

29

royalty payments by Counterclaim Defendants to GCBV were overdue, that this would result in termination of the distribution license between GCBV and MVHS if not remedied, and purchase of GCBV by BioRegenx could not happen without funds.

34. By that point, BioRegenx had fallen substantially behind on required royalty payments under the license structure to GCBV; MVHS had failed to pay royalties to GCBV under Section 4 of the License Agreement; MVHS's failure to deliver payments was a breach of the Agreements' primary purpose (which had been ongoing for at least several months); and no royalties were paid to GCBV for Counterclaimants' GlycoCheck system sold by Counterclaim Defendants' in 2023.

35. On September 19, 2023, Counterclaim Defendants were formally notified of their defaults and the risk of license termination.

36. Counterclaim Defendants failed to cure the above-referenced defaults, accruing approximately $276,780 in unpaid royalties and additional interest; due to the defaults of Counterclaim Defendants, Long and Dr. Vink incorporated Counterclaimant GlycoCheck US (October 12, 2023) to continue distribution of Counterclaimants' GlycoCheck system.

37. On or about October 13, 2023, Long was removed as chairman of the board of BioRegenx and CEO of MVHS and Dr. Vink resigned October 15, 2023.

38. MVHS's change in the control of its company—specifically the termination of Long (October 13, 2023) and the resulting resignation of Dr. Vink (October 15, 2023)—were "reasonably expected to affect the performance of [MVHS's] duties" under Section 4.11 of the Distributorship Agreement, constituting a further breach thereof.

39. In view of the foregoing, on October 20, 2023, Counterclaimants' (or their predecessors-in-interest) GlycoCheck system license to MVHS was terminated for cause and failure of performance.

40.     On January 18, 2024, GCBV sent Plaintiffs a cease-and-desist letter, informing Plaintiffs of GCBV's exclusive rights to research, develop, make, have made, use, import, sell, or have sold any licensed products and demanding unpaid royalties from MVHS for $276,780.

41.     On February 13, 2024, MVHS informed GCBV by email that it did not intend to comply with its obligation to pay royalties to GCBV.

42.     Counterclaimants ultimately developed ReVasca as a next-generation nutraceutical based on decades of glycocalyx research and formulation work independent of Counterclaim Defendants; indeed, ReVasca does not derive from BioRegenx's formulations, does not contain glucosamine (a required component and the largest ingredient by volume in the formulation described in the '572 Patent) or other claimed glycocalyx structural precursors central to Counterclaim Defendants' purported patent claims, and was independently developed by Long and Dr. Vink and commercialized through entities separate from BioRegenx, including Counterclaimants GlycoCheck US, Glycocalyx Research Institute, LLC, and Genesis Health Sciences LLC.

43.     Contrary to assertions in Counterclaim Defendants' Complaint, ReVasca includes ingredients such as catalase, L-citrulline, polyphenols, and ace mannan, among others, which act through biological pathways different from those claimed by the '572 Patent; and the '095 Patent relates to Counterclaimants' GlycoCheck system, which is a diagnostic and measurement platform, and does not claim any treatment, formulation, or therapeutic composition; Counterclaim Defendants' hold no ownership interest, license, or royalty right in ReVasca, and ReVasca does not use any GlycoCheck system hardware, software, or algorithms.

44.     Counterclaimants or their predecessors-in-interest have long used at least GLYCOCHECK and/or ReVASCA as trademarks, using GLYCOCHECK since before a relationship was formed between Counterclaimants and Counterclaim Defendants and using ReVASCA since at least April 2024 in connection with dietary supplements and expressly

31

notifying Counterclaim Defendants in November of 2025 of Counterclaimants' senior rights therein and the defects to any competing rights alleged by Counterclaim Defendants.

45.    On May 5, 2025, Counterclaim Defendants entered into a Sublicense and Assignment Agreement acknowledging the so-called "Glycocheck Dispute" and stating, under Section 13.3, that any assignment of the '095 Patent is to be unwound "[i]f a court determines, in a final judgment, that the Glycocheck License Agreement was not terminated and remains in full force and effect, or that Mr. Long and/or Mr. Vink (directly or through a third party) have rights in the IP."

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,943,572

46.    Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

47.    Counterclaim Defendants have asserted one or more claims of the '572 Patent against Counterclaimants in this judicial district, alleging that Counterclaimants infringe at least one of the same under 35 U.S.C. § 271, including at least claims 1-6, 8, and/or 10-19 of the '527 Patent.

48.    Properly construed, Counterclaimants have not infringed and do not infringe any valid and enforceable claim of the '572 Patent, either literally or under the doctrine of equivalents.

49.    An actual controversy exists between the parties as to whether Counterclaimants infringe any claim of the '572 Patent.

50.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that they have not infringed and do not infringe any valid and enforceable claim, as properly construed, of the '572 Patent.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,943,572

51.    Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

52.    Counterclaim Defendants have asserted one or more claims of the '572 Patent against Counterclaimants in this judicial district, alleging that Counterclaimants infringe at least one of the same under 35 U.S.C. § 271, including at least claims 1-6, 8, and/or 10-19 of the '527 Patent.

53.    On information and belief, and based on additional prior art that is likely to be located during discovery in the above-captioned matter, at lease the above-identified claims of the '572 Patent, properly construed, are, or one or more of them is, invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

54.    An actual controversy exists between the parties as to the validity of the '572 Patent.

55.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that the relevant claims of the '572 Patent are invalid or otherwise unenforceable.

## THIRD CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,759,095

56.    Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

57.    Counterclaim Defendants have asserted one or more claims of the '095 Patent against Counterclaimants in this judicial district, alleging that Counterclaimants infringe at least one of the same under 35 U.S.C. § 271, including at least claims 1-6 of the '095 Patent.

58.    Properly construed, Counterclaimants have not infringed and do not infringe any valid and enforceable claim of the '095 Patent, either literally or under the doctrine of equivalents.

33

59.    An actual controversy exists between the parties as to whether Counterclaimants infringe any claim of the '095 Patent.

60.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that they have not infringed and do not infringe any valid and enforceable claim, as properly construed, of the '095 Patent.

## FOURTH CAUSE OF ACTION

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,759,095

61.    Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

62.    Counterclaim Defendants have asserted one or more claims of the '095 Patent against Counterclaimants in this judicial district, alleging that Counterclaimants infringe at least one of the same under 35 U.S.C. § 271, including at least claims 1-6 of the '095 Patent.

63.    On information and belief, and based on additional prior art that is likely to be located during discovery in the above-captioned matter, at lease the above-identified claims of the '095 Patent, properly construed, are, or one or more of them is, invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

64.    An actual controversy exists between the parties as to the validity of the '095 Patent.

65.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that the relevant claims of the '095 Patent are invalid or otherwise unenforceable.

## FIFTH CAUSE OF ACTION

### Declaratory Judgment of Lack of Rights to Enforce U.S. Patent No. 8,759,095

66.    Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

34

67.    Counterclaim Defendants have asserted one or more claims of the '095 Patent against Counterclaimants in this judicial district, alleging that Counterclaimants infringe at least one of the same under 35 U.S.C. § 271, including at least claims 1-6 of the '095 Patent.

68.    On information and belief, and based on additional information is likely to be located during discovery in the above-captioned matter, Counterclaimants dispute that Counterclaim Defendants have any rights in and/or two the '095 Patent, and particularly that Counterclaim Defendants do not own the right to enforce the '095 Patent, and that Counterclaim Defendants ever had or acquired any such rights.

69.    An actual controversy exists between the parties as to Counterclaim Defendants' rights, if any, in and to the '095 Patent, including the right to enforce the '095 Patent.

70.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that Counterclaim Defendants do not possess the right to enforce the '095 Patent, or any other rights in and to the '095 Patent.

## SIXTH CAUSE OF ACTION

**Declaratory Judgment of Invalidity of U.S. Trademark Reg. Nos. 7,694,222**

71.    Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

72.    Counterclaim Defendants have asserted infringement of U.S. TM Reg. No. 7,694,222 ("the '222 Registration"), covering the "GLYCOCHECK Mark," against Counterclaimants in this judicial district, alleging that Counterclaimants infringe the GLYCOCHECK Mark.

73.    Counterclaimants and/or their predecessors-in-interest are the senior user(s) of the GLYCOCHECK Mark in commerce, with superior and senior common law rights and accrued consumer goodwill in and to the GLYCOCHECK Mark.

74.    As a result, Counterclaim Defendants' asserted '222 Registration is invalid and unenforceable and was either obtained through misrepresentations to the United States Patent and

35

Trademark Office ("USPTO") and/or Counterclaimants senior and superior common law rights in and to the GLYCOCHECK Mark render Counterclaim Defendants' asserted '222 Registration invalid and unenforceable with respect to at least Counterclaimants.

75. An actual controversy exists between the parties as to the validity of the '222 Registration.

76. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that the '222 Registration is invalid or otherwise unenforceable as a matter of law, at least as to Counterclaimants.

77. Counterclaimants are further entitled to an order pursuant to 15 U.S.C. § 1119 cancelling the '222 Registration.

## SEVENTH CAUSE OF ACTION

### Declaratory Judgment of Invalidity of Trademark Reg. No. 7,996,502

78. Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

79. Counterclaim Defendants have asserted infringement of U.S. TM Reg. No. 7,996,502 ("the '502 Registration"), covering the "ReVASCA Mark," against Counterclaimants in this judicial district, alleging that Counterclaimants infringe the ReVASCA Mark.

80. Counterclaimants and/or their predecessors-in-interest are the senior user(s) of the ReVASCA Mark in commerce, with superior and senior common law rights and accrued consumer goodwill in and to the ReVASCA Mark.

81. As a result, Counterclaim Defendants' asserted '502 Registration is invalid and unenforceable and was either obtained through misrepresentations to the USPTO and/or Counterclaimants senior and superior common law rights in and to the ReVASCA Mark render Counterclaim Defendants' asserted '502 Registration invalid and unenforceable with respect to at least Counterclaimants.

36

82.     An actual controversy exists between the parties as to the validity of the '502 Registration.

83.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that the '502 Registration is invalid or otherwise unenforceable as a matter of law, at least as to Counterclaimants.

84.     Counterclaimants are further entitled to an order pursuant to 15 U.S.C. § 1119 cancelling the '502 Registration.

### EIGHTH CAUSE OF ACTION

**Declaratory Judgment of Non-infringement of the '222 Registration
and/or the GLYCOCHECK Mark**

85.     Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

86.     Counterclaim Defendants have asserted infringement of the GLYCOCHECK Mark against Counterclaimants in this judicial district, alleging that Counterclaimants infringe the GLYCOCHECK Mark.

87.     Counterclaimants and/or their predecessors-in-interest are the senior user(s) of the GLYCOCHECK Mark in commerce, with superior and senior common law rights and accrued consumer goodwill in and to the GLYCOCHECK Mark.

88.     As the senior user of the GLYCOCHECK Mark with superior common law rights therein, Counterclaimants have not, do not, and cannot infringe any valid and enforceable junior rights belonging to Counterclaim Defendants, if any (which are disputed), in the GLYCOCHECK Mark.

89.     An actual controversy exists between the parties as to whether Counterclaimants infringe the GLYCOCHECK Mark.

90.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that they have not infringed and do not

37

infringe any valid and enforceable rights belonging to Counterclaim Defendants, if any (which are disputed), in the GLYCOCHECK Mark.

## NINTH CAUSE OF ACTION

### Declaratory Judgment of Non-infringement of the '502 Registration and/or the ReVASCA Mark

91.    Counterclaimants repeat, reallege, and incorporate each and every paragraph contained above, as if fully set forth herein.

92.    Counterclaim Defendants have asserted infringement of the ReVASCA Mark against Counterclaimants in this judicial district, alleging that Counterclaimants infringe the ReVASCA Mark.

93.    Counterclaimants and/or their predecessors-in-interest are the senior user(s) of the ReVASCA Mark in commerce, with superior and senior common law rights and accrued consumer goodwill in and to the ReVASCA Mark.

94.    As the senior user of the ReVASCA Mark with superior common law rights therein, Counterclaimants have not, do not, and cannot infringe any valid and enforceable junior rights belonging to Counterclaim Defendants, if any (which are disputed), in the ReVASCA Mark.

95.    An actual controversy exists between the parties as to whether Counterclaimants infringe the ReVASCA Mark.

96.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants are entitled to a judicial declaration that they have not infringed and do not infringe any valid and enforceable rights belonging to Counterclaim Defendants, if any (which are disputed), in the ReVASCA Mark.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants respectfully request that the Court:

A.    Enter judgment in favor of Counterclaimants on all counter causes of action;

B.    Declare that Counterclaimants have not infringed and currently are not infringing any valid and enforceable claims of both the '572 Patent and the '095 Patent (the

"patents-in-suit" or the "Asserted Patents"), literally, under the doctrine of equivalents, willfully, or in any other manner;

C.    Enjoin Counterclaim Defendants from asserting the Asserted Patents against Counterclaimants;

D.    Declare that the asserted claims of the Asserted Patents are invalid and unenforceable;

E.    Declare that Counterclaim Defendants do not own, among others, the right to enforce at least the '095 Patent;

F.    Declare that this is an exceptional case as defined by 35 U.S.C. § 285 and award Counterclaimants their attorneys' fees and full costs of suit;

G.    Declare that Counterclaimants have not infringed and currently are not infringing both the '222 Registration and the '052 Registration (the "Asserted Registrations"), willfully, or in any other manner;

H.    Declare that Counterclaimants have not infringed and currently are not infringing the GLYCOCHECK and the ReVASCA marks (the "Asserted Marks"), willfully, or in any other manner;

I.    Enjoin Counterclaim Defendants from asserting the Asserted Marks and Asserted Registrations against Counterclaimants;

J.    Declare that Counterclaimants have senior and superior common law rights in and to the Asserted Marks;

K.    Declare that the Asserted Registrations are invalid and unenforceable;

L.    Declare that this is an exceptional case as defined by 15 U.S.C. § 1117 and award Counterclaimants their attorneys' fees and full costs of suit;

M.    Enter an order pursuant to 15 U.S.C. § 1119 directing the Director of the USPTO to make appropriate entry upon the records of the USPTO to cancel the Asserted Registrations;

N.   Award Counterclaimants monetary relief, including damages and the costs of the action pursuant to applicable laws; and

O.   Award Counterclaimants such and other further relief as this Court deems just and appropriate.

## RESERVATION OF RIGHTS

Counterclaimants reserve the right to supplement or amend Defendants' Consolidated First Amended Answer to Complaint and Counterclaims, if necessary, after further investigation and as more information becomes known.

## DEMAND FOR JURY TRIAL

Counterclaimants hereby demand a trial by jury as to all issues in this action triable by jury.

DATED: April 30, 2026.

**MUEHLBAUER LAW OFFICE, LTD.**

By: _____
ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL, ESQ.
Nevada Bar No. 7311
7915 West Sahara Ave., Suite 104
Las Vegas, NV  89117
Tel.: 702-330-4505
Fax: 702-825-0141
andrew@mlolegal.com
sean@mlolegal.com


**KIRTON MCCONKIE**

LARRY R. LAYCOCK, ESQ.
Utah Bar No. 4868*
LANDON T. LAYCOCK, ESQ.
Utah Bar No. 17259*
JOSHUA S. RUPP, ESQ.
Utah Bar No. 12647*
NOLAN S. ANDREASEN, ESQ.
Utah Bar No. 18599*
2600 W. Executive Parkway, Suite 400

40

Lehi, Utah 84043
Telephone: (801) 426-2100
Email:lrlaycock@kmclaw.com;
llaycock@kmclaw.com; jrupp@kmclaw.com;
nandreasen@kmclaw.com
*pro hac vice applications pending or
forthcoming

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a copy of the foregoing was filed electronically utilizing the Court's CM/ECF electronic filing system thereby causing notice and service to all parties and counsel of record.  Parties may access this filing through the Court's CM/ECF System

/s/ *Andrew R. Muehlbauer, Esq.*
Andrew R. Muehlbauer, Esq.
Muehlbauer Law Office, Ltd.