ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Tel.: (702) 330-4505
Fax: (702) 825-0141
andrew@mlolegal.com

*Attorneys for Defendants GlycoCheck US, LLC, RNL Lone Peak Holdings, LLC,*
*Robert Long, Hans Vink, Hans Vink Beheer B.V.,*
*GlycoCalyx Research Institute, LLC, and Genesis Health Sciences LLC.*

[additional counsel on the signature page below]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BIOREGENEX, INC., a Nevada corporation; MICROVASCULAR HEALTH SOLUTIONS, LLC, a Delaware limited liability company, | CASE NO.: 2:25-cv-02071-APG-NJK |
| Plaintiff, | |
| v. | **DEFENDANTS' CONSOLIDATED MOTION TO SET ASIDE DEFAULTS AND OPPOSITION TO MOTIONS FOR ENTRY OF DEFAULT** |
| GLYCOCHECK US, a limited liability company; RNL LONEPEAK HOLDINGS, LLC, a limited liability company; HANKS VINK BEHEER B.V., a Dutch private limited liability company; GLYCOCALYX RESEARCH INSTITUTE, a limited liability company; GENESIS HEALTH SCIENCES,  a limited liability company; Hans Vink, individually and as owner/operator of GLYCOCHECK US; Robert Long, individually and as owner/operator of GLYCOCHECK US, | |
| Defendants. | |

1

Defendants GLYCOCHECK US, LLC ("GlycoCheck"); RNL LONE PEAK HOLDINGS, LLC ("RNL"); HANKS VINK BEHEER B.V. ("Vink Beheer"); GLYCOCALYX RESEARCH INSTITUTE, LLC ("Glycocalyx"); GENESIS HEALTH SCIENCES LLC ("Genesis"); HANS VINK ("Vink"); and ROBERT LONG ("Long") (hereinafter, collectively, "Defendants"), by and through their counsel of record, the law firm of MUEHLBAUER LAW OFFICE, LTD., hereby respectfully submit their Consolidated Motion to Set Aside Defaults and Opposition to Motions for Entry of Default (the "Motion"). The defaults that have been entered by the Clerk that this Motion seeks to set aside were filed by Plaintiffs BIOREGENX, INC. and MICROVASCULAR HEALTH SOLUTIONS, LLC (hereinafter, collectively, "Plaintiffs") and are identified as ECF documents [29] and [30]. The Motions for Entry of Clerk's Default that were filed by Plaintiffs and are currently pending are identified as ECF documents [18], [20], [22], [32], and [34].[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND PROCEDURAL POSTURE

This action arises out of Plaintiffs' complaints for various alleged violations of Plaintiffs' claimed intellectual property rights, including infringement, unfair competition, breach of contract, and more. Plaintiffs filed their Complaint on October 24, 2025 [ECF 1]. The summons to Defendants (excluding Vink Beheer) was issued by this Court on November 7, 2025 [ECF 12], and service was purportedly completed on some Defendants on or about November 12, 2025 [ECF 13].

On January 20, 2026, Plaintiffs filed their Motion for Entry of Clerk's Default against Genesis. [ECF 18] On January 27, 2026, Plaintiffs filed their Motion for Entry of Clerks' Default against GlycoCalyx and GlycoCheck. [ECF 20, 22] On January 28, 2026, Plaintiffs filed their Motion for Entry of Clerks' Default against RNL and Long. [ECF 24, 26] On February 11, 2026, Plaintiffs filed their Motion for Entry of Clerks' Default against Vink and Vink Beheer. [ECF 32, 34] On February 11, 2026, the Clerk entered default against RNL and Long. [ECF 29, 30].

---

[1] *See also* ECF documents [16], [19], [21], [31], and [33], comprising corresponding applications for entry of default.

2

Based on the foregoing, the current procedural posture is that five of the Defendants have Motions for Entry of Clerk's Default pending against them, and the other two Defendants (RNL and Long) have had defaults entered against them as of February 11, 2026.

On March 18, 2026, Defendants RNL, Long, Vink, and Vink Beheer filed their Answer to the Complaint. [ECF 38] On April 30, 2026, per an extension of time memorialized at ECF 36, the remaining three Defendants (Genesis, GlycoCalyx, and GlycoCheck) filed their Answer. [ECF 50]

## II.   LEGAL STANDARDS

FRCP 55(c) addresses the procedure for setting aside a default for good cause, and refers to FRCP 60(b)'s procedures for doing so. FRCP 60(b) states, in pertinent part, as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
**(2)** *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

**(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;
**(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
**(3)** set aside a judgment for fraud on the court.

FRCP 60. Default judgments are not the preferred method of resolution and generally disfavored in the United States District Courts. "Courts favor trial on the merits. *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (citing *Bridoux v. E. Air Lines, Inc.*, 214 F.2d 207, 210, 93 U.S. App. D.C. 369 (D.C. Cir. 1954)). 'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.' *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)." *Durham v. Francis Southern Table & Bar, LLC*, 2025 U.S. Dist. LEXIS 104931, *2

In a situation where a Motion for Clerk's Entry of Default has been made, but not granted, the law strongly supports Defendants' position that no default should be entered against a party who files an answer before the default is entered by the Clerk. "Courts in the Ninth Circuit routinely deny motions for entry of default where the defendant has appeared in the case and indicated that it will defend itself. Consistent with this practice, the court accepted Defendants' late-filed answers and, mindful of the Ninth Circuit's **strong policy favoring the resolution of cases on the merits**, exercised its discretion to deny Plaintiffs' motion for entry of default." *Keller v. Mountlake Terrace Code Enf't*, 2025 U.S. Dist. LEXIS 127228, *2-3 (internal citations omitted, emphasis added). *See also Horacek v. Wilson*, No. 07-13822, 2008 U.S. Dist. LEXIS 66602, 2008 WL 4093721, at *1 n. 1 (E.D. Mich. Aug. 28, 2008) ("Thus, if defendant Wilson answers or otherwise defends before plaintiff properly requests entry of default or before the Clerk properly enters the default, no default may be entered.").

### III.    MOTION TO SET ASIDE DEFAULTS BY RNL AND LONG

As the only two parties who currently have been placed in default by the Clerk, RNL and Long file this Motion to Set Aside Defaults under FRCP 55(c) and FRCP 60(b).

#### A.    LEGAL ARGUMENT

##### 1.    Chronology of Events

Discussions with Plaintiffs' counsel have been ongoing for approximately six months. This is not a situation where a party simply ignored a summons and complaint and did not reach out to opposing counsel and participate in the litigation process.

4

For example, in late November of 2025, RNL and Long were in active discussions with Plaintiffs' counsel in combination with Vink and Vink Beheer. RNL and Long negotiated a waiver of service with an extension of time to answer pursuant to the Federal Rules. In those same talks, Plaintiffs' counsel agreed to provide a 90-day extension of time to respond to the Complaint for Vink and Vink Beheer in exchange for a waiver of former Hague Convention service for Vink Beheer. On December 3, 2025, waivers of service were filed for Vink and Vink Beheer [ECF 14]. The answer deadline for Vink and Vink Beheer was set for February 1, 2026, and Plaintiff avoided having to navigate the complex procedures of the Hague Convention for a foreign entity like Vink Beheer.

On December 11, 2025, Defendants RNL, Long, Vink, and Vink Beheer initially engaged the services of Maier & Maier, PLLC, patent litigation counsel, in order to enter an appearance and seek a coordinated extension of time to respond for all defendants in the case. On January 9, 2026, counsel for Defendants contacted Plaintiff's counsel to attempt to coordinate deadlines for filing a consolidated answer. No response was received.

On January 12, 2026, counsel for Defendants and Plaintiffs were able to confer as to Defendants' requested coordination of all answer deadlines for February 1, 2026, and informed Plaintiffs' counsel they were actively seeking local counsel to represent them moving forward. Plaintiffs' counsel stated that he would consult with his client as to the requests of certain Defendants.

On January 15, 2026, a demand for binding arbitration was brought by two individuals regarding the corporate governance of Defendants in this case, which created substantial complications regarding internal governance and managerial authority for Defendants.

On January 22, 2026, Defendants RNL, Long, Vink, and Vink Beheer released Maier & Maier, PLLC from their role as counsel due to internal governance disputes and potential conflicts of interests that had arisen based on the arbitration filing.

On January 28, 2026, Plaintiffs filed their Motions for Entry of Clerk's Default against RNL and Long. [ECF 24, 26] Apparently, the proposed extension of time to respond was rejected by Plaintiffs, and Plaintiffs instead chose to proceed with default proceedings despite being in contact with the RNL and Long and being aware that RNL and Long were requesting additional time to file

their answer due to corporate governance issues with regard to securing representation for all Defendants.

For reasons unknown to Defendants RNL and Long, Plaintiffs agreed to extend all deadlines and work with apparent but unauthorized counsel for GlycoCalyx, GlycoCheck, and Genesis. A Stipulation for Extension of Time (Second Request) was filed on February 20, 2026, extending the answer deadline for those three parties out to April 30, 2026. [ECF 35, 36] Thus, despite RNL and Long making a similar request for extension of time and being rejected, Plaintiffs apparently determined that there was no urgent need for answers from three of the other Defendants. Instead of working together to coordinate responses for all Defendants to save everyone time and promote judicial economy, Plaintiffs chose to begin default proceedings against a select number of Defendants while extending deadlines for other Defendants.

RNL and Long were taken aback by the filing of the Motion for Entry of Clerk's Default against them, especially when they had been in contact with Plaintiffs' counsel and had requested a similar extension as the other Defendants were given. Plaintiffs' filing came six days after RNL and Long lost their attorneys due to internal governance issues, so they began scrambling to find new counsel to assist them on an urgent basis.

While RNL and Long were dealing with the arbitration issues and trying to sort out the corporate governance concerns raised in the arbitration in order to allow all Defendants to secure counsel of record, the Clerk entered Default against RNL and Long on February 11, 2026.

RNL and Long, while simultaneously dealing with a complex arbitration filing and substantial corporate governance issues that created obstacles to obtaining counsel of record for all of the Defendants, began making contacts and searching desperately for a Nevada attorney who could assist them and help get them out of default.

On February 26, 2026, RNL, Long, Vink, and Vink Beheer contacted Andrew Muehlbauer of Muehlbauer Law Office, Ltd. located in Las Vegas, Nevada. These defendants explained to Mr. Muehlbauer their urgent need of counsel to save them from the potential effects of default judgments being entered against them while they sorted out the corporate governance issue. Given the substantial corporate governance issues that were blocking these defendants from obtaining patent defense

6

counsel for all Defendants in the case, Muehlbauer Law Office agreed to assist RNL, Long, Vink, and Vink Beheer on a *pro bono* basis for the initial stages to help protect them from the potentially catastrophic effects of having a default judgment entered against them personally and against their companies.

On February 26, 2026, Mr. Muehlbauer filed a Notice of Appearance on behalf of RNL, Long, Vink, and Vink Beheer [ECF 37] and contacted Plaintiffs' counsel and informed Plaintiffs' counsel of the representation of RNL, Long, Vink, and Vink Beheer and requested that RNL, Long, Vink, and Beheer be given the same extension to April 30, 2026 as the other Defendants and requested that Plaintiffs' counsel withdraw the default proceedings, since these parties now have counsel and are actively participating in the litigation.

Mr. Muehlbauer followed up on March 3, March 9, and March 12, 2026 because no response was received. On March 12, 2026, Plaintiffs' counsel responded that all requests were rejected. Despite the fact that three other Defendants were given additional time to answer the Complaint, Plaintiffs refused to grant the same professional courtesy to RNL, Long, Vink, and Vink Beheer for reasons that remain a mystery.

In light of this rejection and the fact that default proceedings were still moving forward, RNL, Long, Vink, and Vink Beheer filed their Answer to Complaint on March 18, 2026. [ECF 38]

On April 22, 2026, Mr. Muehlbauer then contacted Plaintiffs' Counsel, Adam Knecht, again to inquire as to whether Plaintiffs' Counsel would be willing to withdraw the default proceedings since RNL, Long, Vink, and Vink Beheer had filed their Answer to Complaint and were actively participating in litigation, and also suggested moving back the Discovery Scheduling Conference to accommodate all the other Defendants in the case.

On April 23, 2026, Mr. Knecht responded that his client is a "hard no" on any stipulations with Mr. Muehlbauer's clients and rejected the requests.

### 2.      FRCP 60(b)(1) Mistake or Excusable Neglect

As the above detailed chronology demonstrates to the Court, RNL and Long certainly qualify for relief under FRCP 60(b)(1)'s mistake, inadvertence, or excusable neglect provision. The law governing this issue weighs strongly in favor of setting aside defaults and hearing cases on the merits

absent evidence of serious misconduct or neglect; "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, "good cause" and the criteria of the Rule 60(b) set aside should be construed generously. *See*, *e.g.*, *Davis*, 713 F.2d at 915; *Meehan*, 652 F.2d at 277; 6 James W. Moore et al., *Moore's Federal Practice* P 55.10[1], at 79 (2d ed. 1993)." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (1993)

The decision of whether to set aside a default is left to the sound discretion of the trial court because "it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 1763 (1992); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)." *Enron Oil Corp,* 10 F.3d at 95.

In this case, the merits strongly favor Defendants. They were actively seeking counsel and working with opposing counsel until their world was upended by the arbitration proceedings and they lost their ability to be represented by counsel. They continued to search for new counsel consistently and attempted to secure extensions but were repeatedly denied. They then engaged local counsel on an emergency basis to protect themselves before any Motion for Default Judgment was filed.

The prejudice here to Plaintiffs is non-existent. The other Defendants in this case did not even have to file their Answer until April 30, 2026. Plaintiffs filed their Renewed Motion for Temporary Restraining Order on March 23, 2026 [ECF 41] as soon as Defendants RNL, Long, Vink, and Vink Beheer filed their Answer to Complaint, and these same Defendants filed an Opposition to the Motion for Temporary Restraining Order on April 23, 2026. [ECF 44] Thus, Plaintiffs have been able to continue in their litigation plan without delay or prejudice, and they could not even begin moving forward with discovery until after the other Defendants filed their Answer on April 30, 2026 and opposed the Motion for Temporary Restraining Order on the same day.

Good cause exists here for the Court to set aside these defaults against RNL and Long because there are substantial, serious, and high-dollar claims at issue in this case and an entry of default against RNL and Long would deprive them of their opportunity to defend this case on the merits. Furthermore, as demonstrated at length hereinabove, this is not the circumstance that FRCP 55 contemplates when

considering dilatory conduct or refusal to participate in litigation. This is a case where Defendants RNL and Long have been actively trying to defend themselves, but due to circumstances out of their control regarding internal governance issues, they keep facing roadblock after roadblock. There was never any intent by any party to this Motion to engage in bad faith or unfair tactics against Plaintiffs; RNL and Long were simply left without attorneys for a substantial period due to corporate governance problems and, without counsel to guide them, they inadvertently let the deadlines for the answer pass.

This Motion is also timely filed under FRCP 60(c)(1) because it has only been less than three months since the defaults were entered by the Clerk, which is far less than the year timeframe set forth in the Rule.

For all the reasons cited herein and based on the case law and FRCP provisions cited hereinabove, Defendant RNL and Long respectfully request that the Clerk's Defaults identified as [ECF 29] and [ECF 30] be set aside than these defendants be allowed to present their defenses to the claims in this case based on the merits.

### IV.    OPPOSITION TO MOTIONS FOR ENTRY OF CLERK'S DEFAULT

As set forth hereinabove, the Ninth Circuit has a strong preference for hearing cases on the merits and refusing to enter defaults when a party has answered before the Clerk enters the default. Defendants Genesis, GlycoCalyx, GlycoCheck, Vink, and Vink Beheer have all filed their Answer to the Complaint [ECF 50; *see also* ECF 38] prior to the Clerk's entry of the default against these parties based on Plaintiffs' motions identified as [ECF 18, 20, 22, 32, and 34].

In this case, the Defendants have not only filed Answers before the Clerk entered the defaults against these Defendants, but that filing is also predicated, in part, on a stipulation for extension of time agreed to between Plaintiffs and these Defendants. *See* [ECF 35, 36]. There can be no more compelling evidence of intent to participate in the defense of this action by these parties than filing an Answer and engaging in negotiations and stipulations with opposing counsel.

Whereas RNL and Long must ask this Court to set aside the Clerk's Defaults against them and prove to the Court good cause and excusable neglect, the analysis for a party who has yet to be placed in default turns more on whether they have actively participated in the litigation. "Courts in the Ninth Circuit routinely deny motions for entry of default where the defendant has appeared in the case and

indicated that it will defend itself.  Consistent with this practice, the court accepted Defendants' late-filed answers and, mindful of the Ninth Circuit's **strong policy favoring the resolution of cases on the merits**, exercised its discretion to deny Plaintiffs' motion for entry of default." *Keller v. Mountlake Terrace Code Enf't*, 2025 U.S. Dist. LEXIS 127228, *2-3 (internal citations omitted, emphasis added).

Here, there can be no doubt that Defendants Genesis, GlycoCalyx, GlycoCheck, Vink, and Vink Beheer have been actively engaged in litigation and are defending themselves from Plaintiffs' claims. Thus, entry of a Default by the Clerk at this point would be unfairly prejudicial to these parties. Good cause exists under FRCP 55 to reject the Plaintiffs' Motion for Entry of Clerk's Default against each of these parties because there is no potential prejudice to Plaintiffs, there has been no dilatory conduct by these Defendants, and these Defendants have demonstrated their commitment to actively participate in the litigation moving forward, as evidence by filing of their Answer [ECF 50] as well as filing an Opposition to Plaintiff's Motion for a Temporary Restraining Order [ECF 44].

To the extent the Court believes it must still consider the question of excusable neglect or mistake, Defendants Genesis, GlycoCalyx, GlycoCheck, Vink, and Vink Beheer would incorporate by reference the prior chronology of events set forth in RNL and Long's Motion to Set Aside Default hereinabove. Long and Vink are the principals of Defendants Genesis, GlycoCalyx, GlycoCheck, and Vink Beheer, so the experience set forth above regarding arbitration, loss of counsel, and struggling to find legal help during the pending corporate governance issues would similarly apply to these entities.

Based on the foregoing, Defendants Genesis, GlycoCalyx, GlycoCheck, Vink, and Vink Beheer respectfully request that this Court deny Plaintiffs' Motion for Entry of Clerk's Defaults identified as [ECF 18, 20, 22, 32, and 34] and allow these Defendants to proceed through litigation and present their defenses based on the merits.

Respectfully submitted this 30th day of April, 2026

**MUEHLBAUER LAW OFFICE, LTD.**

By: _____

ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL, ESQ.
Nevada Bar No. 7311
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Tel.: (702) 330-4505
Fax: (702) 825-0141
andrew@mlolegal.com
sean@mlolegal.com

**KIRTON MCCONKIE**

LARRY R. LAYCOCK, ESQ.
Utah Bar No. 4868*
LANDON T. LAYCOCK, ESQ.
Utah Bar No. 17259*
JOSHUA S. RUPP, ESQ.
Utah Bar No. 12647*
NOLAN S. ANDREASEN, ESQ.
Utah Bar No. 18599*
2600 W. Executive Parkway, Suite 400
Lehi, Utah 84043
Telephone: (801) 426-2100
Email:lrlaycock@kmclaw.com;
llaycock@kmclaw.com; jrupp@kmclaw.com;
nandreasen@kmclaw.com
*pro hac vice applications forthcoming

*Attorneys for Defendants Glycocheck US, RNL Lonepeak Holdings, LLC, Robert Long, Hans Vink, Hans Vink Beheer B.V., Glycocalyx Research Institute, LLC, and Genesis Health Sciences.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, a copy of the foregoing was filed electronically utilizing the Court's CM/ECF electronic filing system thereby causing notice and service to all parties and counsel of record.  Parties may access this filing through the Court's CM/ECF System

          /s/ Andrew R. Muehlbauer

**Muehlbauer Law Office, LTD.**