# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BIOREGENX, INC., et al.,

    Plaintiffs,

v.

GLYCOCHECK US, et al.,

    Defendants.

Case No. 2:25-cv-02071-APG-NJK

**Order**

[Docket No. 75]

Pending before the Court is Defendants' motion for leave to file documents under seal. Docket No. 75.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent

any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The filings at issue are Exhibits A-B and K-N to Defendants' opposition to the emergency motion to disqualify. *See* Docket Nos. 77-82; *see also* Docket No. 76 ( Defendants' response). Defendants' counsel submits that Exhibits A-B contain internal and competitive financial, business, and governance information proprietary to Defendant Genesis Health Sciences (Genesis), which could result in competitive disadvantage to Gensis if disclosed publicly. Docket No. 75 at 3. Further, Defendants' counsel submits that Exhibits K-N consist of internal communications, governance records, correspondence concerning legal disputes, decision-making and governance issues, and banking relationships, and that public release of this information would prejudice Genesis's business affairs and risk disruption to Genesis's relationships and ongoing operations. *Id.* at 4. However, Defendants have failed to demonstrate that the exhibits meet the standard for either redaction or sealing because Defendants' counsel lacks personal knowledge as to the confidential information contained in the exhibits and Defendants' internal operations. *See id.* Further, Defendants make no showing as to whether redactions are appropriate as opposed to sealing. Therefore, the Court cannot make a determination as to whether the exhibits are properly sealed or should be unsealed.

Accordingly, the Court **DEFERS** ruling on the motion to seal. Docket No. 75. The Clerk's Office is **INSTRUCTED** to continue maintaining the subject exhibits under seal at this juncture. Docket Nos. 77-82. Defendants must file a supplement to the motion to seal by July 2, 2026. That supplement must include an evidentiary showing (presumably a declaration from someone with personal knowledge), and must propose redactions, if appropriate.

IT IS SO ORDERED.

Dated: June 25, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

2