**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BIOREGENX, INC., et al.,

Plaintiffs

v.

GLYCOCHECK US, et al.,

Defendants

Case No.: 2:25-cv-02071-APG-NJK

**Order (1) Denying Plaintiffs' Motions for Entry of Clerk's Default, (2) Setting Aside the Clerk's Entries of Default, (3) Granting the Defendants Leave to Amend, (4) Denying as Moot the Defendants' Motion to Amend, and (5) Striking the Defendants' Consolidated Answer**

[ECF Nos. 18, 20, 22, 32, 34, 50, 52]

Plaintiffs Bioregenx, Inc. and Microvascular Health Solutions, LLC allege that the defendants are infringing the plaintiffs' intellectual property related to the endothelial glycocalyx, a microscopic blood vessel lining that is important for circulatory and cardiovascular health. The defendants failed to timely respond to the plaintiffs' complaint. Defendants Robert Long; RNL Lonepeak Holdings, LLC; Glycocheck US, LLC; Glycocalyx Research Institute, LLC; and Genesis Health Sciences, LLC were served on November 12, 2025. ECF Nos. 13; 13-1; 13-2; 13-3; 13-4. Defendants Hans Vink and Hans Vink Beheer B.V. waived service on December 3, 2025. ECF Nos. 14; 14-1. On January 20, 2026, the plaintiffs moved to enter default against Genesis. ECF No. 18. Over the next week, the plaintiffs also moved to enter default against Glycocalyx Research Institute, Glycocheck, RNL Lonepeak, and Long. ECF Nos. 20; 22; 24; 26. On February 11, 2026, the clerk entered default against RNL Lonepeak and Long. ECF Nos. 29; 30. That same day, the plaintiffs moved to enter default against Vink and Hans Vink Beheer. ECF Nos. 32; 34.

Genesis, Glycocheck, and Glycocalyx Research Institute (collectively, the Genesis entities) first appeared in this case on February 3, 2026, when they moved to extend their time to

respond to the plaintiffs' complaint and temporary restraining order (TRO) motion. ECF No. 28. They also asked "that the pending motions for entry of clerk's defaults . . . be denied so this matter may proceed on the merits." *Id.* at 2. In that motion, counsel for the Genesis entities explained that they had "been in communication with Plaintiffs' counsel since January 30, 2026." *Id.* On February 20, 2026, the plaintiffs and the Genesis entities stipulated to extend the Genesis entities' time to respond to the complaint and TRO motion until April 30, 2026. ECF No. 35 at 1-2.[1] They also agreed to stay the pending motions for entry of clerk's default against the Genesis entities until that date. *Id.* at 2. Long, Vink, RNL Lonepeak, and Hans Vink Beheer (the non-Genesis entities) filed their answer on March 18, 2026. ECF No. 38. On April 30, 2026, the defendants filed a motion to amend, consolidated first amended answer, and motion addressing entry of default. ECF Nos. 50; 51; 52. RNL Lonepeak and Long move to set aside the default, and the remaining defendants oppose entry of default.

On June 5, 2026, I stayed briefing on the defendants' motions to amend and set aside default pending resolution of a motion to disqualify the Kirton McConkie firm from representing the Genesis entities because of a conflict. ECF No. 83. I disqualified Kirton McConkie from representing the Genesis entities on June 16, 2026. ECF No. 86. Almost a month later, I ordered briefing to resume on the consolidated motion to set aside entry of default, giving Kirton McConkie an opportunity to reply on behalf of RNL Lonepeak and Long in support of their motion to set aside default. ECF No. 95. I also granted the Genesis entities' new counsel, Marquis Aurbach, an opportunity to supplement the opposition to the motions for clerk's default pending against the Genesis entities because the original opposition was filed by Kirton

[1] The stipulation was granted and mooted the Genesis entities' pending motion to extend their time to respond to the complaint and TRO motion. ECF Nos. 36; 40.

McConkie. *Id.* Because I allowed Marquis Aurbach an opportunity to supplement, I also permitted the plaintiffs to file a reply in support of their motions for entry of default. *Id.* Marquis Aurbach did not file a supplement, so there is no need for the plaintiffs to file an additional response. Kirton McConkie filed replies in support of its motion to set aside default against RNL Lonepeak and Long and its motion to amend on behalf of the non-Genesis entities, so briefing on those motions is complete. I therefore resolve those motions now.

I deny the motions to enter default and set aside the defaults entered against RNL Lonepeak and Long. I grant the defendants leave to amend their answer, deny their motion to amend as moot, and strike the consolidated amended answer.

**I. All the defendants have appeared and are litigating this case, so default is not warranted.**

The clerk of court must enter default against a party who has "failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Courts generally disfavor default, and cases should be decided on their merits. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). When determining whether good cause exists, the court considers (1) "whether the defendant's culpable conduct led to the default," (2) "whether the defendant has a meritorious defense," and (3) "whether reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds, Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). I have discretion whether to enter default. *See Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Regarding the first factor, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan*, 244 F.3d at 697 (simplified). However, if the defendant offers a good faith explanation for its neglectful failure to answer, and that explanation negates any intent "to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," such failure is not intentional. *Id.* at 697-98. A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, the defendant seeking to vacate a default must present specific facts that would constitute a defense. *Id.* at 700. There must be some possibility that the suit would have a different outcome at trial than the result achieved by default. *Hawaii Carpenters' Tr. Funds*, 794 F.2d at 513.

Finally, with respect to prejudice, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). To be considered prejudicial to the plaintiff, setting aside a default must do more than simply delay resolution of the case. *TCI Grp. Life Ins. Plan*, 244 F.3d at 701. Rather, the delay must result in some tangible harm, such as loss of evidence, increased discovery difficulties, or a greater likelihood of fraud or collusion. *Id.* Similarly, requiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice. *Id.*

**A. I grant RNL Lonepeak and Long's motion to set aside default.**

RNL Lonepeak and Long argue that the default entered against them should be set aside because (1) their internal governance dispute that delayed them in obtaining counsel was not culpable conduct, (2) they have meritorious defenses, and (3) the plaintiffs will suffer no

prejudice. The plaintiffs respond that (1) the defendants' problem obtaining counsel was self-inflicted, (2) the plaintiffs acted in good faith, and (3) the defendants have not presented a meritorious defense.

The defendants have put forth a good faith explanation that their failure to timely answer was due to internal governance issues that delayed them in securing representation for all the defendants. Although the plaintiffs are correct that the defendants' governance dispute was self-inflicted, the defendants' conduct was not done to intentionally delay this litigation. There is no indication that the defendants meant to take advantage of the plaintiffs, interfere with judicial decision-making, or otherwise manipulate the legal process. The defendants have since appeared, filed an answer, and are actively litigating this case. Therefore, the defendants' conduct is not culpable.

The defendants' burden to present a meritorious defense is not a significant one. They have met that burden in their answer and opposition to the plaintiffs' TRO motion, contending that the plaintiffs do not own the '095 Patent, the defendants' ReVasca product does not infringe the '572 Patent, the plaintiffs' GLYCOCHECK trademark is invalid and not infringed by the REVASCA mark, and there is no copyright infringement because the parties' websites are distinguishable. Thus, the defendants have shown at least a possibility that there may be a different outcome on the merits compared to default.

Finally, the defendants argue that the plaintiffs were not prejudiced by RNL Lonepeak and Long filing their answer on March 18th because the plaintiffs had stipulated with the Genesis entities to extend the time to answer until April 30th. The plaintiffs respond that they were patient and litigated this case in good faith. But they do not explain how they are prejudiced by the defendants' untimely answer. The delay itself and the plaintiffs having to

litigate the case on its merits are insufficient prejudice. I therefore set aside the clerk's default entered against RNL Lonepeak and Long because they have shown good cause to do so.

**B. I deny the motions for entry of clerk's default.**

The Genesis entities stipulated with the plaintiffs to stay the motions for entry of default against them until April 30th, the date those parties agreed the Genesis entities could answer by. The Genesis entities filed their answer on April 30th, and the plaintiffs did not file a reply in support of their motions for default after the Genesis entities opposed default. Because the Genesis entities satisfied the stipulation by answering on April 30th and the parties stayed the motions for default until that date, I deny the plaintiffs' motions for default filed against Genesis, Glycocheck, and Glycocalyx Research Institute.[2]

I also deny the motions for default as to Vink and Hans Vink Beheer because if defaults had been entered against those defendants, they would warrant being set aside for all the reasons identified above. Additionally, "a default may only be entered if the defendant has failed to answer or otherwise defend. Thus, if [the] defendant [] answers or otherwise defends . . . before the Clerk properly enters the default, no default may be entered." *Horacek v. Wilson*, No. 07-13822, 2008 WL 4093721, at *1 n.1 (E.D. Mich. Aug. 28, 2008) (emphasis omitted); *see* Fed. R. Civ. P. 55(a); *Osgood v. Main Streat Mktg., LLC*, No. 16-cv-02415-GPC(BGS), 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017) ("Since Defendants filed an Answer, the Court cannot enter default until the Answer is stricken."). Here, Vink and Hans Vink Beheer answered on March 18th and moved to amend their answer on April 30th, so I deny the plaintiffs' motions for entry of default because those defendants have an answer on the docket.

---

[2] The motions also warrant denial because there is good cause, as outlined above, that justifies setting aside default for the Genesis entities.

**II. I grant the defendants leave to amend, deny the motion to amend as moot, and strike the defendants' consolidated answer.**

The defendants move to amend, filing a consolidated answer that raises new affirmative defenses and counterclaims. The consolidated answer was the first amended answer on behalf of the non-Genesis entities and the initial answer for the Genesis entities. The plaintiffs oppose amendment, arguing that (1) the defendants delayed and were not diligent in answering the complaint, (2) the plaintiffs are prejudiced because they will have to litigate new issues and have been subject to the defendants' delay, and (3) the amended answer adds counterclaims.[3]

Generally, a defendant may amend its answer "once as a matter of course no later than . . . 21 days after serving it," or within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). I consider five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the defendant has previously amended the answer. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Delay, alone, is an insufficient reason to deny a motion to amend. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

---

[3] The new defenses and counterclaims raised in the consolidated answer are new only as to the non-Genesis entities because they had filed an answer on March 18, 2026 that did not contain some of the affirmative defenses and counterclaims raised in the consolidated answer. The consolidated answer is the Genesis entities' first and only answer and thus their first opportunity to raise defenses and counterclaims.

Whether to grant leave to amend lies within my discretion. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Amendment is warranted because, as previously explained, the defendants' delay in this case was not done in bad faith or to prejudice the plaintiffs. Since appearing in this case, the defendants have been actively litigating and meeting filing deadlines. Additionally, this was the non-Genesis entities' first amendment to their answer, and it is relatively early in the life of this case. The plaintiffs are not prejudiced because they were subject to the defendants' delay and must now litigate new issues. I therefore grant the defendants leave to amend.

However, I strike the defendants' consolidated first amended answer because it was filed on behalf of all the defendants by Muehlbauer Law and Kirton McConkie, whom I have ruled are conflicted out of representing the Genesis entities. ECF No. 86. The Genesis entities are now represented by Marquis Aurbach. I grant the defendants leave to file amended answers so that it is clear which operative answer is filed on behalf of which defendant. Accordingly, I strike the defendants' consolidated answer and deny the non-Genesis entities' motion to amend as moot.

**III. Conclusion**

I THEREFORE ORDER that the plaintiffs' motions for entry of clerk's default **(ECF Nos. 18; 20; 22; 32; 34) are DENIED**.

I FURTHER ORDER that the defendants may file an amended answer by August 18, 2026.

I FURTHER ORDER that Robert Long, Hans Vink, RNL Lonepeak Holdings, and Hans Vink Beheer's motion to amend **(ECF No. 50) is DENIED as moot**.

I FURTHER ORDER the clerk of court to strike ECF No. 51.

I FURTHER ORDER that Robert Long and RNL Lonepeak Holdings' motion to set aside default **(ECF No. 52) is GRANTED**. The clerk's entries of default **(ECF Nos. 29; 30) are VACATED**.

DATED this 25th day of July, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE